IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE W. VARGAS, ET AL.,

Plaintiffs,

v.

PEDRO TOLEDO DAVILA, ET AL.,

Defendants.

CIVIL NO. 08-1527 (FAB/CVR)

## OPINION AND ORDER

### INTRODUCTION

Plaintiffs Jorge W. Vargas, Tetelo Vargas, David Sepúlveda and Alicia Vargas (hereafter "plaintiffs") filed a Complaint against defendants for civil rights violations under Title 42, United States Code, Sections 1983, and under supplemental jurisdiction because of some illegal and unjustified interventions, search and seizures, fabrication of a criminal charge which led to false arrest and incarceration, among others. *Complaint, Docket No. 1.*

The Complaint includes as the known co-defendants Pedro Toledo, as then Superintendent of the Police Department of Puerto Rico, in his personal capacity, and agents Randy Bayrón López and Juan J. Ortíz Pérez, among others, who have now appeared requesting judgment on the pleadings and supplemental judgment on the pleadings. (*Docket Nos. 18, 22*).

The parties have consented to jurisdiction by this Magistrate Judge for all further proceedings.

Jorge W. Vargas, et al., v. Pedro Toledo, et al.
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 2

## JUDGMENT ON THE PLEADINGS STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated much like a Rule 12(b)(6) motion to dismiss. Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). Hence such judgment will issue upon a timely motion if the non-movant's factual allegations 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. " *Id.* (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). This inquiry extends only to the pleadings.  The facts are read in the light most favorable to the  non-movant, granting all reasonable inferences in its favor. *See* Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir.2007); Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir.2004).  *See also* Estate of Bennett v. Wainwright, 548 F.3d 155 (1st Cir. 2008) (claim therefore fails because the Estate has not met its pleading requirement of identifying the deprivation of a recognized life, liberty, or property interest that is cognizable under the Fourteenth Amendment).

Because a motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, involves some assessment of the merits, a Court views the facts contained in the pleadings in the light most favorable to the party opposing the motion drawing all reasonable inferences in the plaintiff's favor. Rule 12(c) motion implicates the pleadings as a whole. Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 55 (1st Cir. 2006); R.G. Fin. Corp. v. Vergara-Núñez, 446 F.3d 178, 182 (1st Cir.2006). The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice. R.G. Fin., 446 F.3d at 182.  In reviewing a motion

Jorge W. Vargas, et al., v. Pedro Toledo, et al.
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 3

under Rule 12(c), as in reviewing a Rule 12(b)(6) motion, we may consider documents the authenticity of which are not disputed by the parties; documents central to plaintiffs' claim; and documents sufficiently referred to in the complaint. <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993) (under Rule 12(b)(6)). This is true even when the documents are incorporated into the movant's pleadings. <u>Beddall v. State Street Bank and Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document [offered by the movant] (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it .... (*citing* <u>Fudge v. Penthouse Int'l, Ltd.</u>, 840 F.2d 1012, 1015 (1st Cir. 1988))); *see also* <u>Dirrane v. Brookline Police Dept.</u>, 315 F.3d 65, 69 n. 2 (1st Cir. 2002); *see also* <u>Curran v. Cousins</u>, 509 F.3d 36 (1st Cir. 2007).

## LEGAL ANALYSIS

Defendants are requesting dismissal with prejudice of plaintiffs' claims denominated as Counts, III, IV, VII, VIII and XIV in the Complaint.

## I. Judgment on the Pleadings.

### A. Cause of Action III, Complaint.

As to Count III, p. 11, ¶35 for emotional, moral and physical abuse as a violation of the Fourth and Fourteenth Amendment, defendants submit same is not cognizable under the United States Constitution but is rather a tort claim as to which Section 1983 relief would not be available.

An examination of the pleadings shows the complaint has re-alleged the initial paragraphs 1-29 and then provides:

<u>Jorge W. Vargas, et al., v. Pedro Toledo, et al.</u>
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 4

35.   Defendants' illegal search, emotional, moral and physical abuse of plaintiffs, committed intentionally, either with malice or without malice, deprived plaintiffs of their right to be free of unreasonable search and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. §1983.

Defendants equate the above count to one for violation of care arising out of tort law and cite in support <u>Baker v. McCollan</u>.[1]

The contention must be analyzed within the re-alleged introduction and previous paragraphs which set the factual scenario for plaintiffs' claims.  The arrest of plaintiffs, false imprisonment, search and police intervention in the instant case are grounded on state law enforcement agents committing acts under color of law.  Defendants' actions deprived plaintiffs of rights secured by the Constitution and federal law, when having procured or at least shown search warrants and searches and seizures, as well as their arrest, by defendants falsely fabricating criminal charges which resulted in plaintiffs' illegal confinement and media exposure as criminals.  The state agents at the Mayaguez Weapons' Law Division carried a repetitive and long standing pattern and practice to fabricate evidence, unjustified interventions, seizures and arrest of citizens in the area, which finally resulted in state and federal investigations and the filing of federal criminal charges as to several state agents of the divisions for the operations conducted by these police officers in Mayaguez.

Contrary to the case law prompted by defendants, we are not herein dealing with valid warrants of arrest and seizure that resulted in the discharge of the alleged offenders

---

[1]   443 U.S. 137, 146, 99 S.Ct. 2689 (1979) (claim filed against county sheriff and surety for false imprisonment when arrested on a valid warrant and detained in jail for three days despite mistaken identity failed to allege cause of action under civil rights since it did not amount to deprivation of liberty without due process).

or even of someone who was charged mistakenly and was then found innocent.  Instead, we are dealing with innocent citizens who were detained, paraded as offenders, searched and seized, and prosecuted on the fabricated evidence of the participating defendants which should have been known by their supervisors because of the continuous, prevalent and openly known pattern of operation.  The due process claimed by defendants to apply in this case, if any could be considered, was a fabricated and spoiled due process that infringed on plaintiffs' constitutional rights to be free from illegal and unreasonable searches and seizures.

The claim alleged at Count III presents a substantive due process violation since it has been stated, with regularity bordering on the monotonous by the courts, that to be liable for a violation of substantive due process rights, a defendant must have engaged in behavior that is conscience-shocking. *See* Pagán v. Calderón, 448 F.3d 16, 33 (1st Cir. 2006).

In County of Sacramento v. Lewis, the Supreme Court did not reject the application of the shocks-the-conscience test to deliberate decisions, but instead stated that its application would vary with the circumstances. We have never precluded a plaintiff from arguing that conduct that is the product of a deliberate and premeditated decision might be conscience-shocking whereas the same conduct might not be if it was undertaken in the heat of the moment. *See* Lewis, 523 U.S. 833, 851, 118 S.Ct. 1708 (1998).   Only conscience-shocking behavior will constitute a substantive due process violation.  *See* Mongeau v. City of Marlborough, 492 F.3d 14 (1st Cir. 2007).

Similarly it has been held that intentional or reckless fabrication of material inculpatory evidence in support of probable cause for arrest may amount to a Fourth

Jorge W. Vargas, et al., v. Pedro Toledo, et al.
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 6

Amendment violation that Section 1983 may redress.  *See* Burke v. Town of Walpole, 405

F.3d 66 (1st Cir. 2005).

Taking the allegations of the complaint as true in the benefit of non-movant, Cause

of Action III does not warrant judgment on the pleadings as requested by defendants.

B.    **Cause of Action IV, Complaint.**

Defendants have requested Count IV of the complaint, which makes reference to

plaintiffs' property loss, be considered equivalent to a claim for damages under Article 1802

of the Civil Code of Puerto Rico and, thus, not a deprivation of a federal constitutional right.

Said Count IV provides in the complaint at page 12, ¶37:

37.    In the course of Defendants' illegal search of Plaintiffs' homes,
Defendants maliciously and/or recklessly and/or negligently lost Plaintiffs'
property in violation of their Constitutional rights guaranteed by the Fourth
and Fourteenth Amendment to the Constitution of the United States, a claim
under 42 U.S.C. §1983.

Similar to above contention, defendants consider the above action as a claim for loss

of property that is one predicated on damages under state law.

The constitutional rights claimed by herein plaintiffs as to the loss of their property

illegally seized stem from a Fourth Amendment violation.  It is clear, and a fundamental

concept of our American system of justice, that no reasonable law enforcement officer could

have thought as permissible to frame somebody for a crime he/she did not commit and

actions taken in contravention to this prohibition violates the due process right of the

falsely accused.  *See* Limone v. Condon, 372 F.3d 39 (1st Cir. 2004).  The deprivation of

property without due process of law, whether to liberty or tangible objects, is encompassed

within such due process.  The mere notice and hearing that can be afforded as to the loss

Jorge W. Vargas, et al., v. Pedro Toledo, et al.
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 7

property is not curative when the grounds for the state action are result of deliberate deception to the court or judge nor as much as when a jury is presented with perjured or false testimony intentionally.  *See* Brown v. Mississippi, 297 U.S. 278, 286, 56 S.Ct. 461 (1936).[2]

Based on above discussion, Claim IV as to property loss without due process does not warrant judgment on the pleadings.

## C.      Claim VII, Complaint.[3]

Defendants seek dismissal of Count VII in that plaintiffs' claim is the guns seized by defendants have not been returned and such is a claim for return of property as to which this federal Court is not the proper forum but should be one exhausted by administrative proceedings and/or return of property by a criminal defendant in the state case as incidental to an arrest.

The taking of property that is not illegal and on grounds of fabricated evidence is one which may fall as a due process violation that may be redressed under Section 1983.  Such federal civil right claim does not require exhaustion of civil or state proceedings.  Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557 (1982).[4]

---

[2] "...allegations that [the petitioner's] imprisonment resulted from perjured testimony, knowingly used by the State authorities to obtain his conviction, and from the deliberate suppression by those same authorities of evidence favorable to him ... sufficiently charge a deprivation of rights guaranteed by the Federal Constitution." Pyle v. Kansas, 317 U.S. 213, 216, 63 S.Ct. 177 (1942); *see also* Miller v. Pate, 386 U.S. 1, 7, 87 S.Ct. 785 (1967).

[3] The Complaint also contains a second "Count VII" which appears on page 14 and is discussed in regards with qualified immunity at Part II of this opinion.

[4] Likewise, under Puerto Rican judicial law, administrative avenue need not be pursued if doing so would be injurious or futile.  Urbanizadora Versalles, Inc. v. Rivera Ríos, 701 F.2d 993, 999 n.6  (1st Cir. 1983).

Defendants submit, in support of their request for judgment on the pleadings as to Claim IV, the situation being similar to Decker[5].  However, Decker did not present a Fourth Amendment violation nor a due process denial and there were available proceedings at state level.  Additionally, defendants consider due process to be infringed once and after plaintiffs attempt to travel through the procedural safeguards built into the statutory or administrative procedure.

In the instant case, the due process was infringed when the items were initially illegally seized without probable cause and on a spoiled warrant based on fabricated evidence and continue in the hands of the State even after having such a knowledge and until these are returned.  The State should not benefit from the unclean hands that deposited goods into its treasury well after it acquired knowledge of the illicit manner these were obtained by its own state agents.  Even arguing the lack of requirement for the state to provide post-deprivation remedies is rather construed in opposite direction to the claim that it may cure, the original alleged seizure is in violation of due process.[6]

Hence, judgment on the pleading is not appropriate as to plaintiffs' Claim IV.

**D.    Claim VIII, Complaint.**

Defendants request dismissal in that above Count VIII presents allegations as to one Emelinda Vargas who does not appear as a plaintiff in the caption nor has been referred in the narrative portions of the complaint.

[5]  845 F.2d 17 (1st Cir. 1988) (failure to return plaintiff's personal property despite court order, which was not contraband nor illegal, still denied in the absence of no due process violation and state judicial remedies available).

[6]  For the most part,  forfeiture proceedings would be futile for plaintiffs since the terms required to file same had long expired.

Count VIII, page 15, ¶47 states:

47.  Defendants police officers 1, 2, 3, 4, 5, 6, Mengana de Tal and Sutana de Tal aided and abetted the co-defendants Barbosa, Bayron and Ortiz by providing substantial assistance to such other defendants in carrying out their illegal and abusive policies, procedures and practices of subjecting citizens to unreasonable searches and seizures without probable cause, false arrests, degrading police tactics inapposite to any respect for human dignity, and filing of malicious charges, or by failure to protect the plaintiff Emelinda Vargas from the public exposure of her naked body, prior to the performance of the searches, all in violation of the constitutional rights of plaintiffs.

Nowhere in the caption, the description of the plaintiffs as parties on page 3 of the complaint, nor the re-alleged paragraphs 1-29 of the complaint is there any reference as to any violation of right or any participation of defendants with one Emelinda Vargas from which a deprivation of a constitutional right may be foreseen.

As such, defendants' request for dismissal and/or judgment on the pleadings as to Count VIII is **GRANTED**.

## E.    Claims XIII or XIV, Complaint.

Defendants consider these claims to be identically drafted and a repetition of one another.

**Count XIII**
Plaintiffs allege and reallege Paragraphs 1 through 29 as fully incorporated herein.  56.  Plaintiffs incorporate herein, each of the aforementioned paragraphs.  The charged unlawful conduct violated Plaintiffs rights under the Constitution of the Commonwealth of Puerto Rico and under Articles 1802 and 1803 of the Civil Code of Puerto Rico." *Complaint, p. 18*.

**Count XIV**
57.  Plaintiffs incorporate herein, each of the aforementioned paragraphs. The charged unlawful conduct violated Plaintiffs rights under the Constitution of the Commonwealth of Puerto Rico and under Articles 1802 and 1803 of the Civil Code of Puerto Rico." *Complaint, pp. 18-19*"

Jorge W. Vargas, et al., v. Pedro Toledo, et al.
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 10

Defendants' contention as to being repetitive is well-taken. Only one of the two claims shall remain.

**F.      Co-plaintiff Alicia Vargas' claims.**

Defendants state that plaintiff Alicia Vargas has no cause of action under Section 1983 since actions are personal and plaintiff must have himself/herself suffered the alleged deprivation of constitutional rights.

Family members cannot recover in an action filed under Section 1983 nor under the Constitution of the Commonwealth of Puerto Rico  for deprivation of rights of others. Robles-Vázquez v. Tirado García, 110 F.3d 204 (1st Cir. 1997).  A Section 1983 lawsuit is a personal action and plaintiff Vargas must state the violations of her own constitutional rights, which cannot be assessed from the Complaint.  There is no absolute constitutional right to enjoy the companionship of one's family members free from all encroachment by the state.  Soto v. Flores, 103 F.3d 1056 (1st Cir. 1997).

Plaintiff Alicia Vargas, is the mother of one of the plaintiffs, David Sepúlveda.  The complaint does not provide any statement indicating she was subject to the acts claimed as constitutional violations. The complaint makes a passing reference to somehow said co-plaintiff sharing the house with her son.  However, there is no indication that she was even present at the time of the events, that she suffered any deprivation of rights, liberty or

Jorge W. Vargas, et al., v. Pedro Toledo, et al.
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 11

property, and/or that she was subject of any search or seizure.[7] Thus, seemly, co-plaintiff Vargas seeks compensation for emotional damages solely for having witnessed the deprivation of rights as to her son.[8]

Pursuant to above discussed, defendants' request for judgment on the pleadings and/or dismissal of claims as to co-plaintiff Alicia Vargas is **GRANTED**.

## II.  Qualified Immunity.

In the supplemental motion for judgment on the pleadings defendants raised qualified immunity because the rights allegedly violated were not clearly established at the time the events of the complaint had transpired and limits such discussion as to Count VII. (Docket No. 22).

Count VII, complaint states:

45. Defendants maliciously and intentionally lied and mislead plaintiffs to again surrender to police custody only with sadistic, malicious, reckless and intentional motive to submit and expose them to a news media camera person to publicly disclose through new media coverage, plaintiffs' identity and the false criminal charges imputed against them, despite defendants' knowledge of their falsehood. The news published and transmitted the false information about Plaintiffs on several occasions. Defendants thus, knowingly and maliciously fabricated a media circus through which they intentionally divulged information defendants knew to be false. Defendants' conduct was purposefully directed at defaming and stripping Plaintiffs of their reputation. Defendants' conduct deprived Plaintiffs of their constitutionally protected rights to dignity, liberty, privacy guaranteed by the Fourth and Fourteenth Amendments to the

---

[7]  Complaint ¶¶12,13 refers to the Police officers going through David's house until they reached David's bedroom, once David had decided to allow entrance under the strenuous circumstances therein described.  Complaint, pp. 6-7.

[8]  Plaintiff's opposition to judgment on the pleadings that Alicia Vargas was present during the unlawful act does not amend the original pleading in the complaint and is insufficient to now assert there was some physical damage to Alicia's property that was not properly pleaded.  *Plaintiffs' Response, Docket No. 32, p. 14.*

Jorge W. Vargas, et al., v. Pedro Toledo, et al.
Civil No. 08-1527 (FAB/CVR)
Opinion and Order
Page No. 12

Constitution of the United States, a claim that is cognizable under 42 U.S.C. §1983. *Complaint, page 14.*

Defendants argue the claim is for having the press and the media present while plaintiffs were escorted under arrest for false charges into the police station, deeming it as a "perp walk". Qualified immunity should be granted on arguments there was no clear established legal indicia or line of cases that had determined at the time of the events of this case in the absence of a staged arrest for the benefit of media coverage, that plaintiffs' rights could be violated by the exposure of coverage of their detention when being moved from the van to the police station. Such actions by herein defendants would not amount to a privacy violation which was clearly established at the time. Thus, dealing in Count VII with a defamation claim, which is not encompassed within the right of privacy, defendants argue in favor of dismissal since such count fails to state a claim.

To determine qualified immunity, the Supreme Court has indicated in <u>Saucier v. Katz</u>,[9] it must first be determined whether the facts alleged show the officer's conduct violated a constitutional right. Secondly, the court will determine whether the right was clearly established so that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Id.* 201-02, 121 S.Ct. 2151. The Court of Appeals for the First Circuit has established in <u>Starlight Sugar, Inc. v. Soto</u>,[10] how such an inquiry is divided.

---

[9]   533 U.S. 194, 201, 121 S.Ct. 2151 (2001).

[10]   253 F.3d 137, 141 (1ˢᵗ Cir. 2001); *see* <u>Wilson v. City of Boston</u>, 421 F.3d 45, 52 (1ˢᵗ Cir. 2005).

Count VII at p. 14, also re-alleges the statements of the complaint from ¶¶ 1-29.  At ¶ 21, it is indicated that co-plaintiffs were escorted in the Police van by one of the directly involved co-defendants who had incurred in the acts of fabricating evidence, Agent Raúl Barbosa and the supposedly informer Vargas.  Agent Juan Ortíz, another co-defendant, assaulted co-plaintiff David Sepúlveda on the chin when he attempted to bow his head, so as to lift up his head when he came out of the van in front of the media.  *Complaint ¶¶20-25.*

Defendants have abundantly discussed Lauro v. Charles,[11] wherein a "perp walk" was involved and qualified immunity raised was allowed.  Recognizing Lauro,[12] the Second Circuit in 2003[13] still found that in the absence of any showing that the particular co-defendant's action of providing to the media defendant's identification, summary judgment on qualified immunity was warranted.

In the case before this Court, the complaint identifies some of the defendants who participated in the scheme to fabricate evidence which would support the spoiled probable cause, as also participating in the media coverage of plaintiffs who were finally arranging for the "perk walk" and the media coverage.

The reasonableness of an asserted interest in privacy is determined by the totality of the circumstances, which may not be elucidated at this stage of proceedings, in the

---

[11]  219 F.3d 202 (2d Cir. 2000).

[12]  In Lauro the New York city's practice by 2000 of conducting "perp walks", that is, walking suspects before the press, violated the Fourth Amendment, but the prohibition of perp walks was considered not clearly established at the time of the violation for which qualified immunity was allowed.

[13]  Olivera v. Town of Woodbury, New York, 281 F.Supp.2d 674 (S.D.N.Y. 2003).

absence of discovery and upon a hardly a developed record. Neither could the totality of the circumstances be assessed in this action when conscience-shocking exercise of power exercised by law enforcement officers who knowingly fabricated case exposes improperly charged individuals and regular citizens to media coverage as offenders in violation of their privacy and Fourth Amendment right.

Thus, at this juncture, qualified immunity requested is **DENIED**.

### CONCLUSION

In view of the above, defendants' Motion for Judgment on the Pleadings (Docket No. 18) is **GRANTED IN PART AND DENIED IN PART** as follows:

- **GRANTED** as to Count VIII, page 15, ¶47; also as to one of either Counts XIII or XIV for being repetitive, and as to co-plaintiff Alicia Vargas.

- **DENIED** as to all other causes of actions.

Defendants' supplemental motion for judgment on the pleadings raising qualified immunity is **DENIED.** (Docket No. 22).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 20th day of February of 2009.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE