IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE W. VARGAS, ET AL.,

    Plaintiffs,

    v.

PEDRO TOLEDO DAVILA, ET AL.,

    Defendants.

CIVIL NO. 08-1527 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Above plaintiffs Jorge W. Vargas, Tetelo Vargas, David Sepúlveda and Alicia Vargas (hereafter "plaintiffs") filed an Amended Complaint against defendants for violations of their civil rights under Title 42, United States Code, Sections 1983, among others, and under supplemental jurisdiction that stem from some illegal and unjustified interventions, search and seizures, deprivation of liberty and property and due process violations upon the fabrication of criminal charges that led to plaintiffs' false arrest and incarceration, who were paraded at the time of their arrests in front of a reporters and written newspaper media convoked by the defendants. *(Amended Complaint, Docket No. 38-2).*

Co-defendants submitted a supplemental motion[1] seeking partial summary judgment as to Counts XIII and XIV of the Amended Complaint, which they considered as identical counts for failing to indicate which part of the Constitution of the Commonwealth of Puerto

---

[1] Co-defendants' practice of fragmenting their dispositive motions for dismissal and/or for summary judgment by merely entitling a second motion as supplemental should be discouraged. Such practice defeats the purpose of the local rules and bifurcates issues raised. *See* Docket No. 22, supplemental to Docket No. 18 (filed 12-9-2009, 12-23-2009, respectively, and Docket Nos. 56 and 68, filed 12-22-2009 and 1-14-2010, respectively).

Rico has been violated. Thus, the co-defendants aver there is a lack of specificity required under Fed.R.Civ.P. 8(a) but they fail to further delve into this argument. These counts were discussed in this Magistrate Judge's Opinion and Order filed back on February 20, 2009, pp. 9-10, and indeed considered repetitious, for which plaintiff was to select which of the counts shall remain. The Amended Complaint, however, shows these counts are still reflected as causes of action ¶¶56-57, fully incorporating paragraphs 1-29 of the Amended Complaint.

In addition, co-defendants submit claims under the Puerto Rico Civil Code, Section 1803 should not be allowed as to co-defendant Pedro Toledo, the Police Superintendent at the time, since he was not the employer of co-defendants Bayrón-López and Ortíz-Pérez, state law enforcement officers, rather it was the Commonwealth of Puerto Rico, a sovereign.

## ANALYSIS

**A.   Claims XIII or XIV, Amended Complaint as Repetitious.**

Co-defendants consider these claims to be identically drafted and a repetition of one another.

> **Count XIII**
> Plaintiffs allege and reallege Paragraphs 1 through 29 as fully incorporated herein.
> 56. Plaintiffs incorporate herein, each of the aforementioned paragraphs. The charged unlawful conduct violated Plaintiffs rights under the Constitution of the Commonwealth of Puerto Rico and under Articles 1802 and 1803 of the Civil Code of Puerto Rico." *Amended Complaint, p. 18.*
>
> **Count XIV**
> 57. Plaintiffs incorporate herein, each of the aforementioned paragraphs. The charged unlawful conduct violated Plaintiffs rights under the Constitution of the Commonwealth of Puerto Rico and under Articles 1802 and 1803 of the Civil Code of Puerto Rico." *Amended Complaint, pp. 18-19.*

Jorge W. Vargas, et al., v. Pedro Toledo, et al
Civil No. 09-1527 (CVR)
Opinion and Order
Page No. 3

Co-defendants' contention as to both counts being repetitive is well-taken. Only one of the two claims under pendent claim shall remain as previously indicated in our Opinion and Order[2] and plaintiff is to make a selection or otherwise will be considered as dismissed in regards to the latter, Count XIV.

**B.     Eleventh Amendment.**

Co-defendants discuss the Eleventh Amendment in that co-defendant Toledo appears instead of the Commonwealth of Puerto Rico regarding any liability under Article 1803 of the Puerto Rico Civil Code because he would not be considered the employer of co-defendants state police officers.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by the Citizens of another State, or by Citizens or Subjects of any Foreign State.  *U.S. Const. amend. XI*.

This Amendment has been construed to provide sovereign immunity not only to suits by citizens of another state, but also to suits by the states' citizens.

Section 1803 liability, as claimed in the Amended Complaint (Count XIII or XIV) extends to the Commonwealth of Puerto Rico but not within the federal court jurisdiction by virtue of its sovereign immunity, which has not been waived. *See* Díaz-Fonseca v. Puerto

---

[2] Our previous Opinion and Order of February 17, 2010, (*Docket No. 100*) which discussed claims for malicious prosecution as not being a federal cause of action but rather as pendent state tort claims, would evidently juxtapose those claims to fall thereunder as pendent state claims and would not require Counts XIII and XIV to be both dismissed. (*Docket No. 68*).

Rico, 451 F.3d 13 (1st Cir. 2006).[3] As such, damages against any of the defendants in their official capacity, in the absence of a waiver of immunity, would not be allowed by the Eleventh Amendment. Marín-Piazza v. Aponte-Roque, 873 F.2d 432, 436 (1st Cir. 1989).

Nevertheless, Article 1803 refers to a person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done and becomes relevant only against a defendant who may be employer, owner or director of an establishment or enterprise so these may be liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties. 31 L.P.R.A. §5142. *See* Borrego v. United States, 790 F.2d 5 (1st Cir. 1986).

Hence, to impose liability under Art. 1803 consistent with Puerto Rico law, it must meet or have present an employee's (a) desire to serve, benefit, or further his employer's business or interest; (b) the act is reasonably related to the scope of employment; and (c) the agent has not been prompted by purely personal matters. Vernet v. Serrano-Torres, 566 F.3d 254, 261 (1st Cir. 2009).

Turning to this case, the Commonwealth of Puerto Rico has not been made a party to these proceedings, solely co-defendant Toledo in his personal capacity. No official capacity is mentioned. As such, there is no need to engage in an Eleventh Amendment discussion as to supplemental claims of Counts XIII or XIV. *Amended Complaint, ¶F, p. 3.*

---

[3] The Commonwealth of Puerto Rico can waive its immunity (1) by clear declaration that it intends to submit itself to the jurisdiction of a federal court; (2) by consent to or participation in a federal program for which waiver of immunity is an express condition; (3) by affirmative conduct in litigation. New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004).

Jorge W. Vargas, et al., v. Pedro Toledo, et al
Civil No. 09-1527 (CVR)
Opinion and Order
Page No. 5

Still, since co-defendant Toledo may not be substituted by the Commonwealth of Puerto Rico regarding liability under Art. 1803, because of Eleventh Amendment, there is no cause of action available to plaintiffs under same. Accordingly, partial summary judgment is appropriate as to co-defendant Toledo under Art. 1803.

## CONCLUSION

In view of the foregoing, defendants' Supplemental Motion for Partial Summary Judgment (Docket No. 22) is **GRANTED** and the Art. 1803 claims as to co-defendant Toledo are summarily **DISMISSED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 17th day of February of 2010.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ-RIVE
        UNITED STATES MAGISTRATE JUDGE